UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | )<br>)<br>) |
|     Interpleader-Plaintiff, | )   No. 1:22-CV-04422<br>) |
| v. | )<br>)   Judge Edmond E. Chang |
| WHITNEY MARTIN, SPECIAL ADMINISTRATOR OF THE ESTATE, OF JEAN ROBERT SAINTILUS; MARIE ORACIN; JAZZ SAINTILUS; JORDAN SAINTILUS; J.D., through her Guardian NATASHA DUNN; and KALEB SAINTILUS, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
|     Claimant-Defendants. | )<br>) |

**MEMORANDUM OPINION AND ORDER**

Jean Robert Saintilus purchased a life insurance policy in 2005 from American General Life Insurance Company. R. 1, Compl. at 3; R. 1-2, Compl. Exh. B.[1] He named his then-wife, Marie Oracin, as the policy's beneficiary—but the couple divorced in 2006. R. 1-1, Compl. Exh. A at 3; R. 56, DSOF Exh. A. After Saintilus passed away in 2022, Oracin submitted a claim to collect the policy's death benefit. R. 1-4, Compl. Ex. D. But Saintilus's children from other relationships also submitted claims. R. 1-7, Compl. Ex. G. American General then filed a complaint for interpleader relief, asking the Court to decide which claimant is entitled to the benefit.[2] Compl. at 5–7.

---

[1] Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

[2] The Court has jurisdiction over this suit under the interpleader statute, 28 U.S.C. § 1335(a)(1), because the disputed funds exceed $500 and two or move or the adverse clients

Oracin now moves for summary judgment, arguing that the Illinois revocation-by-divorce statute, 750 ILCS 5/503(b-5), does not apply retroactively and thus does not terminate her status as the named beneficiary. R. 54, Oracin's Mot. at 1; R. 55, Oracin's Br. at 1. Because the Court agrees with Oracin and concludes that she is entitled to the policy's death benefit, her motion for summary judgment is granted.

## I. Background

In 2005, Jean Robert Saintilus purchased a life insurance policy with a death benefit of $100,000 from American General Life Insurance Company. Compl. at 3; Compl. Exh. B. Saintilus named Marie Oracin—his wife at the time—as the beneficiary of the policy. Compl. Exh. A at 3. Saintilus and Oracin divorced in 2006, but Saintilus never removed Oracin as the policy's beneficiary. DSOF Exh. A; Compl. ¶¶ 17, 19; R. 26, Oracin Ans. ¶¶ 17, 19. After Saintilus died in early 2022, Oracin submitted a claim to collect the insurance policy's death benefit. Compl. Exh. D. However, Saintilus's children—Jazz, Jordan, and J.D. (who were born to mothers other than Oracin)—all submitted competing claims, Compl. Exh. G, and another child of Saintilus, Kaleb, later filed a claim as well, R. 17, 23.

American General then filed a complaint for interpleader relief, explaining that it does not know which claimant is entitled to the death benefit. Compl. at 5–7. It noted that if Illinois's revocation-by-divorce statute applies, then Oracin and Saintilus's divorce invalidated Oracin's status as the policy beneficiary. *Id.* at 5. But

---

are of diverse citizenship, namely, Marie Oracin is a citizen of Rhode Island and is adverse to the three other claimants, who are Illinois citizens, R. 1, ¶¶ 3–6.

American General could not determine whether this statute, which became effective in 2019, applies retroactively to Oracin and Saintilus's 2006 divorce. *Id.* Oracin now moves for summary judgment, arguing that the statute does not apply retroactively, entitling her to the full death benefit. Oracin Mot. at 1; Oracin Br. at 1.

## II. Analysis

The Illinois revocation-by-divorce statute generally provides that a divorce renders ineffective any prior designation of the insured's (now-former) spouse as the beneficiary of a policy:

> (2) If a judgment of dissolution of marriage is entered after an insured has designated the insured's spouse as a beneficiary under a life insurance policy in force at the time of entry, the designation of the insured's former spouse as beneficiary is not effective unless:
>
> > (A) the judgment designates the insured's former spouse as the beneficiary;
> >
> > (B) the insured redesignates the former spouse as the beneficiary after entry of the judgment; or
> >
> > (C) the former spouse is designated to receive the proceeds in trust for, on behalf of, or for the benefit of a child or a dependent of either former spouse.
>
> (3) If a designation is not effective under paragraph (2), the proceeds of the policy are payable to the named alternative beneficiary or, if there is not a named alternative beneficiary, to the estate of the insured.

750 ILCS 5/503(b-5)(2), (3).

Here, Saintilus designated Oracin as the insurance policy's beneficiary in 2005, a year before they divorced. Compl. Exh. A at 3; DSOF Exh. A. And none of the

statute's exceptions apply. The divorce judgment did not designate Oracin as the beneficiary; Saintilus did not redesignate her as the beneficiary after the divorce was finalized; and Oracin was not designated to receive the death benefit on behalf of a child or dependent. *See* DSOF Exh. A; Compl. ¶ 19. So under the statute, Oracin's beneficiary designation would not be effective. And because Saintilus did not name an alternative beneficiary, the death benefit would go to his estate.

But the revocation-by-divorce statute was passed in 2018, became effective in 2019, and has no provision discussing retroactivity. *See* 750 ILCS 5/503(b-5). So to resolve the competing claims to the death benefit, the key question is whether the statute applies retroactively.

It does not. Under Illinois law, if a statute does not contain a provision addressing retroactive application, as is the case here, then the rule is that statutes "that are procedural in nature may be applied retroactively, while those that are substantive may not." *Caveney v. Bower*, 797 N.E.2d 596, 602 (Ill. 2003). And "[i]f a rule affects only the remedy available and not the substantive rights of the parties, it is considered procedural." *Midwest Grain Prods. of Ill., Inc. v. Productization, Inc.*, 228 F.3d 784, 792 (7th Cir. 2000) (cleaned up).[3] On the other hand, statutes that impact parties' contractual or property rights are substantive, and there is a "presumption against statutory retroactivity" because "predictability and stability are of prime

---

[3]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

importance" in those contexts. *Landgraf v. USI Film Prods.*, 511 U.S. 244, 271 (1994).[4]

Oracin contends that the Illinois revocation-by-divorce statute is substantive because it impacts parties' contractual rights to receive death benefits from insurance policies. Oracin Br. at 4. Saintilus's children offer no response to this argument. R. 60, Children's Br. at 3–4. So the children have forfeited the point, and judgment could be entered for Oracin based on the forfeiture alone. In any event, on an independent analysis, the Court would hold that the Illinois statute is indeed substantive and thus cannot apply retroactively. The statute invalidates the designation of certain former spouses as life insurance beneficiaries. Because the former spouses would otherwise have been entitled to collect the policies' death benefits, the application of the statute thus strips them of their contractual and property rights to those payments. And because the statute overrides policyholders' decisions to name their former spouses as policy beneficiaries, it alters the parties' contractual decisions and rights. The revocation-by-divorce statute thus affects parties' substantive rights and does not apply retroactively to Oracin.

The children's only argument is not directed at the statute, but instead they argue that Oracin's marriage to Saintilus was a "sham," meant to help Oracin get U.S. citizenship. Children's Br. at 3–5. They assert that Oracin should thus not be allowed to benefit from her criminal conduct. *Id.* But the children offer no evidence

---

[4]The Illinois Supreme Court has adopted *Landgraf* as the governing test for Illinois statutes. *Commonwealth Edison Co. v. Will Cnty. Collector*, 749 N.E.2d 964, 972 (Ill. 2001).

whatsoever to support this contention. *See id.* at 1–5. Even though discovery was opened to allow the gathering of evidence, the children offer none.

Finally, it is worth noting that the U.S. Supreme Court relatively recently did consider state revocation-by-divorce statutes in *Sveen v. Melin*, 584 U.S. 811 (2018). But that decision held only that retroactive application of that type of statute does not violate the Contracts Clause of the Constitution. *Id.* at 813. The Supreme Court concluded that these statutes *can* be applied retroactively—but did not address the question in this case, that is, whether the Illinois statute *does* apply retroactively. *Id.* So *Sveen* has no application to this case. Here, the Illinois revocation-by-divorce statute does not apply retroactively to Oracin's divorce, leaving her as the named beneficiary of the life insurance policy. Oracin is entitled to the death benefit, and her motion for summary judgment is granted.

### III. Conclusion

The Court grants Marie Oracin's motion for summary judgment, R. 54. She is entitled to the interpleader funds, and a declaratory judgment shall be entered to that effect.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: December 3, 2024